UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| Bryan S. Ross, Chapter 7 Trustee<br>1800 K Street, N.W., Suite 624<br>Washington, D.C. 20006,<br><br>          Plaintiff,<br><br>v.<br><br>Continental Casualty Company<br>c/o Corporation Service Company<br>1090 Vermont Avenue, Suite 430<br>Washington, D.C. 20005,<br><br>          Defendant. | Case No. _____ |

**COMPLAINT FOR DECLARATORY JUDGMENT AND BREACH OF CONTRACT
REGARDING DUTY TO DEFEND AND INDEMNIFY**

Stinson Morrison Hecker LLP ("SMH"), counsel for Bryan S. Ross, Chapter 7 Trustee ("Trustee") for the estate of Restaurant Equipment & Supply Depot Inc., states as its Complaint for Declaratory Judgment Regarding Duty to Defend and Breach of Contract:

**NATURE OF THE ACTION**

This is a civil action for a declaratory judgment under 28 U.S.C.A. § 2201. It seeks a declaration of the rights, duties, and liabilities of the parties under an insurance policy issued by the Defendant, specifically, a declaration that Continental Casualty Company had a duty to defend and indemnify the Law Offices of Stanley H. Goldschmidt P.C. in connection with a malpractice action commenced by the Trustee. It also seeks damages against the Defendant for breach of its contractual obligations under that policy.

## PARTIES

1. The Plaintiff, Bryan S. Ross, is the duly appointed Trustee of the bankruptcy estate of Restaurant Equipment and Supply Depot Inc. ("Trustee"). The Trustee asserts this action through an assignment of claims.

2. The Defendant, Continental Casualty Company ("CNA") is an insurance company organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

## JURISDICTION AND VENUE

3. Jurisdiction is proper under 28 U.S.C. §1332 based on the diversity of citizenship between the parties and based on the Trustee's good faith belief that the amount in controversy exceeds $75,000.

4. Venue is appropriate in this Court under 28 U.S.C. 1391(a) because CNA is subject to personal jurisdiction within the District of Columbia as the events giving rise to this lawsuit occurred in the District of Columbia.

5. This declaratory judgment action is proper under 28 U.S.C. § 2201.

## THE CNA POLICY

6. On or about May 2005, CNA issued a policy of insurance to the Law Offices of Stanley M. Goldschmidt P.C. CNA Insurance Policy No:Law-267870255 ("Policy").

7. The Policy was retroactive to May 1, 1995 and effective through May 2006.

8. The Policy had a coverage limit of $2 million dollars.

9. The Policy covered claims arising out of the rendering of legal services by Goldschmidt.

## THE UNDERLYING LITIGATION

10. On February 16, 2000, four individuals filed a lawsuit against Restaurant Equipment & Supply Depot Inc., ("RES") in the Superior Court of the District of Columbia, styled *Osvaldo Gutierrez et al v. Restaurant Equipment and Supply Depot Inc.*, Case No. 00-1165.

11. The lawsuit alleged that the RES violated provisions of the District of Columbia Wage and Hour laws and its Human Rights Act.

12. The Law Offices of Stanley M. Goldschmidt P.C. ("Goldschmidt") the holder of the Policy represented RES in the lawsuit.

13. The lawsuit resulted in the entry of a default judgment on May 1, 2001, in favor of the plaintiffs and against RES in the total amount of $836,238.99.

14. The Superior Court later denied RES's motion to vacate the default judgment. The Court of Appeals for the District of Columbia affirmed the judgment.

15. On June 17, 2005, the Superior Court also entered an award of attorneys' fees in favor of the plaintiffs and against RES for $73,038.99.

## THE BANKRUPTCY CASE, MALPRACTICE ACTION, AND ASSIGNMENT

16. On September 9, 2005, RES filed a voluntary petition under Chapter 7 of the Code.

17. By virtue of Section 541 of the Bankruptcy Code, any cause of action that RES could have brought against another party prior to bankruptcy—including a possible malpractice action against Goldschmidt—became property of the bankruptcy estate to be prosecuted by the chapter 7 Trustee.

18.    On January 6, 2007, counsel for the Trustee sent a letter to Goldschmidt explaining there might be a basis for asserting a malpractice claim against it arising out of its representation of RES in the Superior Court case.

19.    Upon information and belief Goldschmidt forwarded a copy of the letter from the Trustee to CNA.

20.    Upon information and belief CNA declined coverage.

21.    On February 17, 2006, the Trustee filed a Complaint against Goldschmidt arising out of his representation of RES in the Superior Court lawsuit.

22.    The Complaint alleged that Goldschmidt committed legal malpractice when it represented RES in the underlying Superior Court lawsuit.

23.    Upon information and belief, Goldschmidt provided a copy of the Complaint to CNA.

24.    By e-mail dated March 3, 2006, CNA denied coverage.

25.    By letter dated March 23, 2006, Goldschmidt requested CNA reconsider its denial of coverage.

26.    On April 27, 2006, CNA again denied coverage of the Complaint and refused to undertake the defense of Goldschmidt.

27.    The Trustee eventually settled the Complaint against Goldschmidt.

28.    Under the terms of the settlement agreement, a judgment was entered against Goldschmidt in the amount of $909,277.98 together with interest as provided by 28 U.S.C. 1961.

29.    Under the terms of the settlement agreement, Goldschmidt also assigned its right, title, and interest in and to all claims arising out of any policy of insurance, including the right to seek payment of the judgment from the CNA policy.

30.     On January 3, 2007, the Bankruptcy Court entered an order approving the settlement agreement.

### COUNT I - DECLARATORY JUDGMENT

31.     The Trustee repeats and realleges Paragraphs 1 through 30 of this Complaint and for this Paragraph 31 in Count I.

32.     28 U.S.C. § 2201 provides that in an actual case or controversy "any court . . .may declare the rights of any interested party."

33.     An actual case or controversy exists between the Trustee and CNA regarding CNA's denial of coverage

34.     This Court may declare the rights and other legal relations of CNA and the Trustee relative to the denial of coverage and indemnification.

35.     Under the terms and conditions of the Policy, CNA was obligated to pay "all sums in excess of the deductible that [Goldschmidt] became legally obligated to pay as damages."

36.     The Policy also obligated CNA to defend any suit against the insured seeking damages.

37.     The Complaint was filed and arose out of events that occurred during the period of coverage as provided in the CNA Policy.

38.     The allegations made in the Complaint are covered by the Policy.

39.     To date, CNA has refused to pay or acknowledge its obligation to indemnify or provide a defense to Goldschmidt.

40.     Goldschmidt satisfied all of the Policy requirements such as payment of premiums and providing a timely notice of the demand letter and Complaint to CNA.

WHEREFORE, the Plaintiff requests the Court adjudicate the rights of the parties with respect to the CNA Policy and declare that:

    (a) The Policy obligated CNA to defend Goldschmidt against the Complaint;

    (b) The Policy obligated CNA to indemnify Goldschmidt for all sums which Goldschmidt became legally obligated to pay as damages resulting from the Complaint; and

    (c) The Trustee is entitled to such other and further relief as this Court deems appropriate.

## COUNT II- BREACH OF CONTRACT

41. The Trustee repeats and realleges Paragraphs 1 through 40 of this Complaint and for this Paragraph 41 in Count II.

42. Under the terms and conditions of the Policy, CNA was obligated to pay "all sums in excess of the deductible that [Goldschmidt] became legally obligated to pay as damages."

43. Under the terms of the Policy CNA was also obligated to defend any suit against [Goldschmidt] seeking damages.

44. CNA failed to pay or acknowledge its obligation to indemnify or provide a defense to Goldschmidt.

45. CNA's failure to defend or indemnify Goldschmidt constitutes a material breach of the Policy.

46. Goldschmidt satisfied all of the Policy requirements such as payment of premiums and providing a timely notice of the Trustee's claim.

47. As a direct result of CNA's breach, Goldschmidt was deprived of the benefits of the CNA Policy for which Goldschmidt paid substantial premiums

48. As a direct result of CNA's breach, Goldschmidt incurred substantial costs in defending the Complaint.

WHEREFORE, the Plaintiff requests the Court:

    (a) Award the Trustee compensatory damages sustained by Goldschmidt as a result of CNA's breach of the Policy;

    (b) Award attorneys' fees incurred by Goldschmidt as a result of CNA's denial of coverage; and

    (c) Award such other and further relief as this Court deems appropriate.

Respectfully submitted,

_____
Michael E. Tucci No. 430470
Darrell W. Clark No. 450273
Christopher Lega No. 495023
STINSON MORRISON HECKER LLP
1150 18th Street, NW
Washington, D.C. 20036-3816
Tel: (202) 785-9100
*Attorneys for Chapter 7 Trustee*

## CIVIL COVER SHEET

JS-44
(Rev.1/05 DC)

### I (a) PLAINTIFFS

Bryan S. Ross, Chapter 7 Trustee
1800 K Street, NW, Suite 624
Washington, D.C. 20006

### DEFENDANTS

Continental Casualty Company
c/o Corporation Service Company
1090 Vermont Avenue, NW, Suite 430, Washington, D.C. 20005

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael E. Tucci
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, DC 20036-3816
202-785-9100

ATTORNEYS (IF KNOWN)

### II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 2 U.S. Government Defendant
○ 3 Federal Question (U.S. Government Not a Party)
● 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ● 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ● 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

○ **A. Antitrust**
☐ 410 Antitrust

○ **B. Personal Injury/Malpractice**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

○ **C. Administrative Agency Review**
☐ 151 Medicare Act
Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)
Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

○ **D. Temporary Restraining Order/Preliminary Injunction**

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

○ **E. General Civil (Other)**   OR   ○ **F. Pro Se General Civil**

Real Property
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

Personal Property
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

Bankruptcy
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

Prisoner Petitions
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

Property Rights
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

Federal Tax Suits
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

Forfeiture/Penalty
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

Other Statutes
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ⊙ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☒ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**
⊙ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
Declaratory action regarding insurance coverage.

**VII. REQUESTED IN COMPLAINT**   CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 ☐   DEMAND $ _____   Check YES only if demanded in complaint   JURY DEMAND:   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE August 10, 2007   SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.  COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III. CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV. CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI. CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII. RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.