UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Bryan S. Ross, Chapter 7 Trustee ) | |
| ) | |
| Plaintiff/Counterclaim-Defendant, ) | |
| ) | |
| v. ) | Case No. 07-01450 |
| ) | |
| Continental Casualty Company ) | Judge Richard W. Roberts |
| ) | |
| Defendant/Counterclaim-Plaintiff. ) | |

## REPLY TO COUNTERCLAIM AND AFFIRMATIVE DEFENSES

The Plaintiff/Counterclaim-Defendant, Bryan S. Ross, Chapter 7 Trustee for the bankruptcy estate of Restaurant Equipment & Supply Depot Inc., ("Trustee") by his attorneys, Stinson Morrison Hecker LLP, states as his Reply to the Counterclaim of Continental Casualty:

### Nature of the Action

1. The Trustee admits the allegations of Paragraph No. 1.

2. The Trustee admits the allegations of Paragraph No. 2.

### Parties

3. The Trustee admits the allegations of Paragraph No. 3.

4. The Trustee admits the allegations of Paragraph No. 4.

### Jurisdiction and Venue

5. The Trustee admits the allegations of Paragraph No. 5.

6. The Trustee admits the allegations of Paragraph No. 6.

7. The Trustee admits the allegations of Paragraph No. 7.

## The Underlying Litigation

8. The Trustee admits the allegations of Paragraph No. 8.

9. The Trustee admits the allegations of Paragraph No. 9.

10. The Trustee admits the allegations of Paragraph No. 10.

11. The Trustee is without sufficient knowledge or information to for a belief as to the allegations contained in Paragraph No. 11 and therefore denies the allegations.

12. The Trustee admits the allegations of Paragraph No. 12.

13. The Trustee admits the allegations of Paragraph No. 13.

14. The Trustee admits the allegations of Paragraph No. 14.

15. The Trustee admits the allegations of Paragraph No. 15.

16. The Trustee is without sufficient knowledge or information to for a belief as to the allegations contained in Paragraph No. 16 and therefore denies the allegations.

17. The Trustee admits the allegations of Paragraph No. 17.

18. The Trustee admits the allegations of Paragraph No. 18.

19. The Trustee admits the allegations of Paragraph No. 19.

20. The Trustee admits the allegations of Paragraph No. 20.

21. The Trustee is without sufficient knowledge or information to for a belief as to the allegations contained in Paragraph No. 21 and therefore denies the allegations.

22. The Trustee admits the allegations of Paragraph No. 22.

23. The Trustee admits the allegations of Paragraph No. 23.

24. The Trustee is without sufficient knowledge or information to for a belief as to the allegations contained in Paragraph No. 24 and therefore denies the allegations.

25. The Trustee is without sufficient knowledge or information to for a belief as to the allegations contained in Paragraph No. 25 and therefore denies the allegations.

**The Bankruptcy, Malpractice Lawsuit, and Assignment**

26. The Trustee admits the allegations contained in Paragraph No. 26

27. The Trustee admits the allegations contained in Paragraph No. 27.

28. The Trustee admits the allegations contained in Paragraph No. 28.

29. The Trustee admits he filed the Malpractice Lawsuit on or around February 17, 2006, but states the remaining allegations characterize the allegations fully set forth in the Malpractice Lawsuit that speaks for itself.

30. The Trustee states that the allegations are fully set forth in the Malpractice Lawsuit which speaks for itself.

31. The Trustee admits the allegations contained in Paragraph No. 31

32. The Trustee admits the allegations contained in Paragraph No. 32

33. The Trustee admits the allegations contained in Paragraph No. 33

**The Policy**

34. The Trustee admits the allegations contained in Paragraph No. 34

35. The Trustee admits the allegations contained in Paragraph No. 35

36. The Trustee admits the allegations contained in Paragraph No. 36

37. The allegations of Paragraph No. 37 recite the provisions of a legal document that speaks for itself. To the extent it is inaccurate, the Trustee denies Paragraph No. 37.

38. The allegations of Paragraph No. 38 recite the provisions of a legal document that speaks for itself. To the extent it is inaccurate, the Trustee denies Paragraph No. 38.

39. The allegations of Paragraph No. 39 recite the provisions of a legal document that speaks for itself. To the extent it is inaccurate, the Trustee denies Paragraph No. 39.

40. The allegations of Paragraph No. 40 recite the provisions of a legal document that speaks for itself. To the extent it is inaccurate, the Trustee denies Paragraph No. 40.

41. The allegations of Paragraph No. 41 recite the provisions of a legal document that speaks for itself. To the extent it is inaccurate, the Trustee denies Paragraph No. 41.

42. The Trustee admits the allegations contained in Paragraph No. 42

## Count I

### For Declaratory Relief that There is no Coverage for the claims Asserted in the Malpractice Lawsuit Pursuant to Section I.A.3 of the Policy

43. The Trustee incorporates by reference herein the responses of Paragraphs 1-42 of this Reply as Paragraph No. 43

44. The allegations of Paragraph No. 44 constitute a legal conclusion to which no response is required. To the extent a response is required, the Trustee denies the allegations.

45. The allegations of Paragraph No. 45 constitute a legal conclusion to which no response is required. To the extent a response is required, the Trustee denies the allegations.

46. The allegations of Paragraph No. 46 constitute a legal conclusion to which no response is required. To the extent a response is required, the Trustee denies the allegations.

47. The allegations of Paragraph No. 47 constitute a legal conclusion to which no response is required. To the extent a response is required, the Trustee denies the allegations.

48. The allegations of Paragraph No. 48 constitute a legal conclusion to which no response is required. To the extent a response is required, the Trustee denies the allegations.

49. The allegations of Paragraph No. 49 constitute a legal conclusion to which no response is required. To the extent a response is required, the Trustee denies the allegations.

WHEREFORE, Bryan S. Ross, the Chapter 7 Trustee for the bankruptcy estate of Restaurant Equipment & Supply Depot Inc., respectfully requests that: (1) judgment be entered in his favor and against Continental Casualty on the Counterclaim; (2) that the Court declare that

the insurance policy provided coverage and indemnification; and (3) for such other and further relief as this Court may deem just and proper.

## AFFIRMATIVE DEFENSES

The Trustee asserts the following defenses:

### First Affirmative Defense

The Counterclaim fails to state a claim upon which relief can be granted.

### Second Affirmative Defense

The Counterclaim is barred by the doctrine of unclean hands.

### Third Affirmative Defense

Continental had an obligation under the Policy to provide the Firm with a defense and indemnify it.

### Fourth Affirmative Defense

Continental's refusal to provide coverage or indemnify the Firm under the Policy was made in bad faith.

### Fifth Affirmative Defense

The allegations in the Counterclaim are subject to res judicata.

### Sixth Affirmative Defense

Continental failed to cooperate with the Firm in defending the Malpractice Lawsuit or providing indemnification.

### Seventh Affirmative Defense

The Firm's belief that Continental had an obligation to provide coverage and indemnify it in the Malpractice Lawsuit was made in good faith and supported by applicable law.

### **Eighth Affirmative Defense**

Continental does not have standing to assert the Counterclaim.

### **Ninth Affirmative Defense**

The Counterclaim is barred by the Policy's terms and conditions, and applicable law.

### **Eleventh Affirmative Defense**

The terms of the Policy and applicable law bars Continental's recovery of any costs.

### **Twelfth Affirmative Defense**

Any other applicable affirmative defense not previously stated.

Respectfully submitted,

/s/ Michael E. Tucci
Michael E. Tucci No. 430470
Christopher Lega No. 495023
Stinson Morrison Hecker LLP
1150 18th Street, N.W., Suite 800
Washington, D.C.  20036
Tel:  (202) 785-9100; Fax:  (202) 785-9163

*Attorneys for Plaintiff/Counterclaim-Defendant, Bryan S. Ross Chapter 7 Trustee.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on October 9, 2007, a copy of the foregoing Reply to Counterclaim and Affirmative Defenses of Plaintiff/Counterclaim-Defendant was served by U.S. Mail to the following party:

Richard A. Simpson  
Kelly V. Overman  
Ross, Dixon &Bell, LLP  
2001 K Street, N.W.  
Washington D.C. 20006

                                              /s/Christopher Lega  
                                              Christopher Lega