UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | ) | |
|---|---|---|
| BRYAN S. ROSS, | ) | Civil Action No. 1:07-cv-01450-RWR |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CONTINENTAL CASUALTY CO., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## JOINT RULE 16.3 STATEMENT

Bryan S. Ross and Continental Casualty Co., through undersigned counsel, hereby present their Joint Rule 16.3 Statement as follows:

### I.   STATEMENT OF THE CASE

On August 10, 2007 Bryan S. Ross ("Ross"), trustee of the Chapter 7 bankruptcy estate of Restaurant Equipment & Supply Depot Inc., Bankruptcy Case No. 05-1316, pending in the United States Bankruptcy Court for the District of Columbia, filed a Complaint for Declaratory Judgment and Breach of Contract Regarding Duty to Defend and Indemnify ("Complaint") against Continental Casualty Company ("Continental"), which commenced this case.

The Complaint stems from Continental's denial of coverage on Lawyers Professional Liability Policy No. 267870255 ("Policy"), which was issued by Continental to the Law Offices of Stanley H. Goldschmidt P.C. ("Goldschmidt"), in connection with a malpractice action[1] by Ross, on behalf of Restaurant Equipment & Supply Depot Inc., against Goldschmidt filed on

---

[1] The malpractice action stems from Goldschmidt's representation of Restaurant Equipment & Supply Depot Inc. in the matter styled: *Osvado Gutierrez et al. v. Restaurant Equipment & Supply Depot Inc.*, Civil Action No. 01-774, which was pending in the Superior Court for the District of Columbia.  A default judgment was entered against Restaurant Equipment & Supply Depot Inc. in that matter.

February 17, 2006 in the United States Bankruptcy Court for the District of Columbia, Adversary Proceeding No. 06-10022 (the "Malpractice Action"). The Complaint seeks a declaration under 28 U.S.C.A. § 2201 that Continental had a duty to defend and indemnify Goldschmidt in connection with the Malpractice Action, as well as damages against Continental for breach of its contractual obligations under the Policy.

On September 25, 2007 Continental filed an Answer and Counterclaim ("Answer"). Continental states in its Answer that it was not obligated to defend or indemnify Goldschmidt under the Policy, and seeks in its Counterclaim a judicial determination and declaration pursuant to 28 U.S.C.A. § 2201 that the Policy does not provide coverage for the Malpractice Action.

## II.    RULE 16.3 CONFERENCE

The parties conferred on November 6, 2007 in accordance with Local Rule 16.3. During that conference, the following matters were discussed:

**A.    16.3(c)(1)**

Continental believes that this matter is likely to be disposed of by dispositive motions; Ross believes the matter will require a trial.

**B.    16.3(c)(2)**

Not applicable.

**C.    16.3(c)(3)**

The parties do not agree to assign the matter to a magistrate judge.

**D.    16.3(c)(4)**

The parties do not believe that there is currently a realistic possibility of settling the matter.

    **E.**    **16.3(c)(5)**

The parties believe that they could benefit from magistrate-led mediation, however, the parties do not believe mediation will be helpful until after dispositive motions have been ruled upon.

    **F.**    **16.3(c)(6)**

Continental believes that this matter is likely to be disposed of by dispositive motions; Ross disagrees. The parties agree to a dispositive motion deadline of April 27, 2008 (as stated in the draft scheduling order attached hereto as Exhibit A). The parties do not believe a protective order is necessary.

    **G.**    **16.3(c)(7)**

The parties do not wish to dispense with the initial disclosures required by Rule 26(a)(1). The parties wish to proceed under track two of the sample scheduling order provided by the Court. The parties wish to set all scheduling order deadlines back seven days so as not to interfere with holiday schedules (*See* Exhibit A).

    **H.**    **16.3(c)(8)**

The parties believe that the discovery conducted in this matter will be minimal. The parties propose discovery deadlines as set forth in Exhibit A hereto.

    **I.**    **16.3(c)(9)**

At this time Ross believes it will be necessary to retain an expert. At this time Continental has not determined whether it will retain an expert. The deadlines for expert disclosures set forth under Schedule 2 of Appendix I to the Order, are acceptable to the parties.

    **J.**    **16.3(c)(10)**

Not applicable.

**K.**     **16.3(c)(11)**

The parties do not believe the trial or discovery should be bifurcated.

**L.**     **16.3(c)(12)**

The parties wish to hold the pretrial conference on June 4, 2008, as stated in Exhibit A.

**M.**     **16.3(c)(13)**

The parties have agreed that a firm trial date should be set at the pretrial conference.


Dated: November 16, 2007

/s/ Michael E. Tucci
Michael E. Tucci, No. 430470
Jaime S. Dibble, No. 493079
Stinson Morrison Hecker LLP
1150 18th Street, N.W. Suite 800
Washington, D.C. 20036

*Attorneys for Bryan Ross*


/s/ Kelly V. Overman
Richard A. Simpson, No. 411893
Kelly V. Overton, No. 482077
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006

*Attorneys for Continental Casualty Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Joint Rule 16.3 Statement was served on the following on November 16, 2007 by first class mail, postage pre-paid.

Richard A. Simpson, No. 411893
Kelly V. Overton, No. 482077
Ross, Dixon & Bell, LLP
2001 K Street, N.W.
Washington, D.C. 20006

/s/ Michael E. Tucci
Michael E. Tucci

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BRYAN ROSS,<br><br>    Plaintiff<br><br>v.<br><br>CONTINENTAL CASUALTY CO.,<br><br>    Defendant. | )<br>)<br>)  Civil Action No. 07-1450 (RWR)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**JOINT SCHEDULING ORDER**

For good cause appearing, IT IS HEREBY ORDERED, THAT:

1. Initial Disclosures are due by:     January 7, 2008

2. Post-Rule 26(a) Discovery Requests are due by:     January 22, 2008

3. Proponent's R. 26(a)(2) Statements are due by:     February 8, 2008

4. Opponent's R. 26(a)(2) Statements are due by:     March 9, 2008

5. All discovery closed on:     April 8, 2008

6. Each party is limited to 25 interrogatories

7. Each side is limited to 5 depositions

8. Dispositive Motions are due by:     April 27, 2008

9. A Pretrial conference will be held on:     June 4, 2008

Dated: _____, 2007      _____

                                               Richard W. Roberts
                                               United States District Judge